*210 O’Neill, J.,
dissenting.
{¶ 33} This case comes to us for review of the granting of summary judgment. There are enough disputed facts in this case to write a law-school-journal article. While disposition of cases by summary judgment is essential to conserve the resources of litigants and the judiciary, it cannot be said strongly enough that when facts are in dispute, summary judgment is wholly inappropriate.. Civ.R. 56(C) provides that summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * * show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” The rule further specifies that summary judgment “shall not be rendered unless it appears from the evidence * * * that reasonable minds can only come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party’s favor.” Any appellate court’s standard of review on summary judgment is de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).
{¶ 34} The appellate court correctly determined that summary judgment was inappropriate in this case. There is a genuine issue of material fact regarding whether Pro-Pak Industries, Inc., deliberately bypassed the safety bumper. What is not in dispute here is that the safety bumper did not save the injured worker’s leg. It is clear that the machine hit the worker and kept on moving until it was manually stopped by the operator. In reversing the trial court’s summary-judgment decision in favor of Pro-Pak, the Sixth District Court of Appeals writes, “Based on the expert testimony, reasonable minds could conclude that the bumper compressed enough to shut off power to the transfer car, the power was not shut off, and the only way the bumper could have compressed as far as it did without shutting off the power was if the proximity switch had been deliberately bypassed.” 2013-Ohio-1358, 988 N.E.2d 67, at ¶ 24. Nothing more needs to be said at the summary-judgment stage. Everyone in the world is permitted to disagree with that expert — or agree with him. But clearly a room full of reasonable people could come to a whole lot of different opinions based upon that competent evidence.
{¶ 35} This case contains conflicting expert testimony and evidence regarding a material fact. Justice demands that such questions of fact be subjected to the crucible of inquiry. That should happen in a trial, as guaranteed by the Ohio Constitution, and should not be the work of this court. I am simply not convinced that, when construing the evidence in a light most favorable to Phillip Pixley, reasonable minds could come to but one conclusion. Indeed, the majority asserts that there is no genuine issue of material fact in this case after it *211 identifies and resolves the factual question in favor of Pro-Pak. That exercise is an impermissible invasion of the jury box by this court. Pixley has established a genuine issue of material fact and deserves his day in court. I dissent.
Plevin & Gallucei Co., L.P.A., and David R. Grant; Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellee.
Ritter, Robinson, McCready & James, Ltd., Timothy C. James, and Lorri J. Britsch; Bugbee & Conkle, L.L.P., Gregory B. Denny, and Mark S. Barnes, for appellants.
Philip. J. Fulton Law Office, Philip J. Fulton, and Chelsea J. Fulton, urging affirmance for amici curiae Ohio Association of Claimants’ Council and Ohio Association for Justice.
Weston Hurd, L.L.P., Daniel A. Richards, Shawn W. Maestle, and Martha L. Allee, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.
Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey, urging reversal for amicus curiae Ohio Chamber of Commerce.
Bricker & Eckler, L.L.P., and Thomas R. Sant, urging reversal for amicus curiae Ohio Chapter of the National Federation of Independent Business.
Vorys, Sater, Seymour and Pease, L.L.P., and Robert A. Minor, urging reversal for amicus curiae Ohio Self-Insurers Association.